11-2461-cr
United States v. Wee

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of February, two thousand thirteen.

PRESENT: DENNY CHIN,
CHRISTOPHER F. DRONEY,
          Circuit Judges,
JANE A. RESTANI,
          Judge.*

- - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
          Appellee,

          -v-                                        11-2461-cr

DAVENG WEE, AKA DAVENG PUI KUI WEE, AKA
DAVENG K.C. HUANG, AKA PUI KUI WEE, AKA
KC HUANG DAVENG, AKA DAVENG HUANG, AKA
KUO-CHANG HUANG, AKA K.C. HUANG,
          Defendant-Appellant.

- - - - - - - - - - - - - - - - - - - -x

FOR APPELLEE:                Paul M. Krieger, Katherine Polk
                             Failla, Assistant United States
                             Attorneys, for Preet Bharara,
                             United States Attorney for the
                             Southern District of New York, New
                             York, New York.

FOR DEFENDANT-APPELLANT:     Marjorie M. Smith, Piermont, New
                             York.

---

* The Honorable Jane A. Restani, of the United States Court of International Trade, sitting by designation.

Appeal from the United States District Court for the Southern District of New York (Griesa and Crotty, <u>JJ.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED IN PART AND VACATED AND REMANDED IN PART**.

Defendant-appellant Daveng Wee appeals from a judgment, entered June 6, 2011, after his plea of guilty, convicting him of five counts of making false statements, <u>see</u> 18 U.S.C. § 1001, and one count of aggravated identity theft, <u>see</u> 18 U.S.C. § 1028A. On June 2, 2011, the district court (Griesa, <u>J.</u>) sentenced Wee to 48 months' imprisonment, two years' supervised release, and $600 in special assessments. In a separate order entered July 22, 2011, the district court (Crotty, <u>J.</u>) required Wee to pay $750 in restitution to one of the victims. Although Wee's plea agreement contained a waiver of his right to appeal a term of imprisonment within or below the range of 48 to 54 months, he nonetheless filed a notice of appeal. Thereafter, his appellate counsel filed a motion to withdraw, pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), concluding that there were no non-frivolous arguments to raise on appeal. In light of several challenges Wee raised in <u>pro se</u> responses to the <u>Anders</u> motion, two prior panels of this court deferred ruling on the motion. Appellate counsel eventually withdrew her <u>Anders</u> motion and filed a merits brief on what she concluded to be the only non-frivolous argument available on appeal. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues presented for review.

In the counseled merits brief, Wee argues that the district court did not comply with the procedural requirements of 18 U.S.C. § 3664 when it ordered restitution without providing him an opportunity to challenge the proposed order.  Section 3664 sets forth procedures governing the issuance of restitution orders.  It provides defendants with the opportunity to object to proposed restitution orders, and "[a]ny dispute as to the proper amount or type of restitution shall be resolved by the court by the preponderance of the evidence."  18 U.S.C. § 3664(e). Because the Government agrees that Wee did not have an adequate opportunity to review the proposed restitution order and related documents before the district court entered the order, we vacate the order of restitution and remand for the district court to consider Wee's objections.

In Wee's <u>pro se</u> supplemental briefs, he requests new counsel because his appellate counsel allegedly ceased communicating with him and allegedly failed to raise several arguments on appeal.  Wee insists he has meritorious arguments that his plea was not knowing and voluntary, his trial counsel provided ineffective assistance, and he was in fact innocent because he lacked the requisite intent to commit his crimes.  In her <u>Anders</u> briefs, appellate counsel sets out her reasons for concluding these arguments are meritless.

After reviewing Wee's <u>pro se</u> arguments and appellate counsel's submissions, we agree that no additional non-frivolous issues exist.  See <u>United States v. Hsu</u>, 669 F.3d 112, 117-18 (2d Cir. 2012) (addressing the merits of <u>pro se</u> supplemental brief). Wee's "bald statements that simply contradict what he said at his

- 3 -

plea allocution are not sufficient grounds to withdraw [his] guilty plea." United States v. Gonzalez, 647 F.3d 41, 56 (2d Cir. 2011) (internal quotation marks and citation omitted). Moreover, Wee's plea agreement clearly specified that he would not appeal a sentence "within or below the Stipulated Guidelines Range of 48 to 54 months' imprisonment." While Wee argues that his trial counsel did not adequately explain the plea agreement's "legal implications or its binding effects," Wee acknowledges in his pro se briefs that he read the plea agreement and had the opportunity to discuss and raise questions about it with his trial counsel. Additionally, he confirmed at the plea hearing that he signed the plea agreement voluntarily and understood his rights. Although Wee's pro se briefs suggest an argument that he was incompetent to plead guilty because he suffers from "depression and mental issues," he and his trial counsel attested to his competence at the plea hearing. As there are no other non-frivolous arguments to raise on appeal, we decline to appoint new counsel as it would not serve "the interests of justice." 18 U.S.C. § 3006A(c).

We have considered Wee's remaining arguments and find them to be without merit. Accordingly, Wee's conviction and sentence are AFFIRMED, except that the restitution order is VACATED and the case is REMANDED for further proceedings on the issue of restitution.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

- 4 -